UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| THE CEDAR CREEK LAKE BOA SHOP, | § | |
| LLC d/b/a THE BOAT SHOP | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| ATLANTIC SPECIALITY INSURANCE | § | |
| COMPANY | § | |

## NOTICE OF REMOVAL

Defendant, Atlantic Speciality Insurance Company ("Atlantic"), files this Notice of the Removal of this case from the 392nd Judicial District Court of Henderson County, Texas to the United States District Court for the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. § 1441 and 1446, and would show the Court as follows:

1.

Atlantic is the Defendant in Cause No. CV150611392, entitled "The Cedar Creek Lake Boat Shop, LLC d/b/a The Boat Shop v. Atlantic Speciality Insurance Company", currently pending in the 392nd Judicial District Court, Henderson County, Texas. The Plaintiff in that lawsuit is The Cedar Creek Lake Boat Shop, LLC d/b/a The Boat Shop v. Atlantic Speciality Insurance Company. There are currently no other parties to the lawsuit. That lawsuit was originally filed on December 22, 2015 in the 392nd Judicial District Court of Henderson County, Texas.

2.

Atlantic seeks to remove this lawsuit from the 392nd Judicial District Court, Henderson County, Texas, which court is located at 109 West Corsicana, Athens, Texas 75751. This lawsuit is still pending and active.

3.

Atlantic is filing this notice within thirty days from when Atlantic was served with this lawsuit, as Atlantic was served with Plaintiff's lawsuit on January 4, 2016, so that this removal is timely under 28 U.S.C. § 1446(b).

4.

At the date of commencement of this action and at all pertinent times, Plaintiff, Cedar Creek Lake Boat Shop, LLC d/b/a The Boat Shop (hereinafter referred to as "Insured") is a citizen of the State of Texas, being a limited liability company formed under the laws of the State of Texas, whose principal place of business is in the State of Texas.

5.

At the date of commencement of this action and at all pertinent times, Atlantic is a citizen of the States of New York and Massachusetts, being an insurance company incorporated in the State of New York, and having its principal place of business in the State of Massachusetts.

5.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and it may be removed to this Court by Sentry, pursuant to 28 U.S.C. § 1441, it being a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as between citizens of different states.

6.

Venue is properly placed under Title 28, United States Code § 1391, since the United States District Court for the Eastern District of Texas, Tyler Division is the court and division serving Henderson County, Texas.

7.

The amount in controversy requirement is clearly established by Paragraph 2 of Plaintiff's Original Petition, where Plaintiff alleges the monetary amount in controversy is over $200,000, but less than $1,000,000.

8.

Plaintiff has requested a trial by jury, having demanded same in Plaintiff's Original Petition filed in state court.

9.

The attorneys involved in the case are as follows:

| | |
|---|---|
| Mr. Mark S. Humphreys | Mr. Russell J. Bowman |
| Texas State Bar No. 00789762 | Texas State Bar No. 02751550 |
| 702 Dalworth Street | 800 West Airport Freeway, Stuite 860 |
| Grand Prairie, Texas 75050 | Irving, Texas 75062 |
| (972) 263-3722 | (214) 922-0220 |
| (972) 237-1690 (Fax) | (214) 922-0225 (Fax) |
| E-Mail:  texaslaw94@yahoo.com | E-Mail: russelljbowman@sbcglobal.net |
| Attorney for Plaintiff | Attorney for Defendant |

10.

Copies of all the pleadings which have been filed or served in this action to date, and which are attached as Exhibits "A" - "D"" include the following:

a.    Plaintiff's Original Petition;

b.    Citation served on Atlantic;

c.    Service of Process Transmittal from Atlantic's registered agent for service of process, CT Corporation System; and

d.    Certified copy of state court docket sheet.

To the best of Atlantic's knowledge, no other pleading, process or order has been filed or

served in the state court lawsuit referred to above.

Wherefore, Defendant, Atlantic Speciality Insurance Company, prays that this action be removed to this Court from the 392nd Judicial District Court, Henderson County, Texas and for further proceedings as may be necessary.

Respectfully submitted,


S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
Southern District Bar No. 20283
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

This is to certify that on January 22, 2016, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Eastern District of Texas, using the electronic case filing system of the court.

I hereby certify that I have served a true and correct copy of the foregoing document by mailing a copy upon the following, as indicated below, on this the 22nd day of January, 2016:

Mr. Mark S. Humphreys                    VIA E-MAIL: texaslaw94@yahoo.com
702 Dalworth Street
Grand Prairie, Texas 75050


S/Russell J. Bowman
Russell J. Bowman

EXHIBIT A

FILED FOR RECORD
12/22/2015 3:28:51 PM
DISTRICT CLERK
HENDERSON COUNTY

Carmen Delgado

Cause No. CV15-0611-392 _____

| | | |
|---|---|---|
| The Cedar Creek Lake Boat Shop, LLC<br>d/b/a The Boat Shop | § <br> § <br> § | In the 392ND ____ Judicial |
| V. | § <br> § <br> § | District Court of |
| Atlantic Specialty Insurance Company | § | Henderson County, Texas |

## PLAINTIFF'S ORIGINAL PETITION
### (with Disclosure Request)

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES The Cedar Creek Lake Boat Shop, LLC d/b/a The Boat Shop hereinafter called Plaintiff, complaining of and about **Atlantic Specialty Insurance Company**, hereinafter called Defendant, and for cause of action shows unto the Court the following:

1.  **SERVICE**

Defendant **Atlantic Specialty Insurance Company** is an insurance company, doing business in the State of Texas. Said Defendant can be served through its attorney for service: <u>C.T. Corporation System, 1999 Bryan Street #900, Dallas, Texas 75201-3136.</u>

2.  **JURISDICTION**

The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $200,000.00 but less than $1,000,000.00.

3.  **VENUE**

Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Henderson County is proper in this cause in that it is where insured is located

4.  **AGENCY AND VICARIOUS LIABILITY.**

Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

5.    <u>WRITTEN NOTICE GIVEN</u>.

A.    Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

B.    Notice letter was issued October 5, 2015, and this lawsuit is being filed after the expiration of 60 days.

6.    <u>FACTS</u>

A.    On or about October 6-7, 2014, Plaintiff had the above policy of insurance with Defendant and the policy was in full force and effect.

B.    On or about October 6-7, 2014, Plaintiff suffered a loss which is a type of loss covered by the policy.

C.    On the morning of October 7, 2014, the service manager for Plaintiff noticed the gates were open and a truck and trailers were missing. Plaintiff immediately called the police department who came out and filed a police report.

D.    Upon investigation, it was discovered that numerous items had been stolen.

E.    This claim for benefits was reported to Defendant on October 9, 2014.

F.    Defendant never sent an adjuster to investigate and adjust this claim.

G.    A few days later, Tidmore Investigations came out and interviewed the employees that were present around the time the theft occurred.

H.    A day or so after that, the adjuster interviewed the Plaintiff owner's on the phone.

I.    A couple of weeks later, Tidmore Investigations came out and interviewed all employees again and Plaintiff completely cooperated with Defendant's investigation.

J.    On December 21, 2014, a letter was received from Bowman and Stella, P.C. advising that they needed to take an Examination Under Oath (EUO) of Plaintiff Lovider.

K.    This EUO was scheduled and then was cancelled after Plaintiff appeared with all the requested documents.

L.    On January 28, 2015, a Reservation of Rights letter was received from One Beacon Insurance.

M.    At the second arranged EUO, Plaintiff answered questions for two hours and again co-operated fully with Defendant's investigation.

N.    In June of 2015, Manny Salgado with One Beacon contacted Plaintiff and a settlement was reached as it relates to the loss of the truck.

---

O.       On August 5, 2015, Plaintiff received a letter denying the claim from Bernice Ford of Atlantic Specialty Insurance Company stating the claim was being denied due to poor lighting and due to the opinion of one, Cynthia Turner, and an opinion from a police officer, neither of which provided any specifics.

P.       Plaintiff had had a policy of insurance with Voyager Insurance for over 10 years and there had never been an issue or a mention of poor lighting.

Q.       There was not a lighting problem.

R.       Cynthia Turner did not work for Plaintiff at the time of the loss.

S.       Cynthia Turner was an old acquaintance of Plaintiff who worked for Plaintiff about one month between June and July of 2015.

T.       Cynthia Turner was fired on July 4, 2015, for using drugs during business hours.

U.       She returned to Plaintiff that evening and stole records and deleted accounting programs.

V.       Cynthia Turner tried to blackmail Plaintiff for $10,000 for him to get his records back or she was going to ruin Plaintiff's life.

W.       Plaintiff contacted the Henderson County Sheriffs' office who came out and arrested her on an outstanding Felony Stalking warrant.

X.       Cynthia Turner had taken over all Plaintiffs' email accounts, websites, and changed passwords on computers in the office.

Y.       Cynthia Turner purchased a cell phone and a tablet on Plaintiff's account.

Z.       Cynthia Turner texted messaged Plaintiff with death threats, blackmail, and extortion.

AA.       No one with Defendant ever questioned Plaintiff about anything regarding Cynthia Turner; rather they just took her word on whatever she said.

BB.       The police officer either did not offer any evidence for his suspicion or else Defendant are keeping that information to Defendant.

CC.       Plaintiff's claim for benefits should have been paid on December 8, 2014, five (5) business days after Defendant took Plaintiff's EUO.

## 7.       VIOLATIONS OF THE TEXAS INSURANCE CODE

A.       Plaintiff incorporates herein the "Facts" set out in section 6 above.

B.   It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim.  Plaintiff incorporates herein all the facts as set forth above.  Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

1.   TIC, §541.060(a)(1):   Defendant has violated this section by misrepresenting material facts relating to coverage; specifically that Plaintiff did not have proper lighting around the property when in fact Plaintiff did.

2.   TIC, §541.060(a)(1):   Defendant has violated this section by misrepresenting material facts relating to coverage, specifically that Plaintiff was involved in the loss based on Defendant's communications with Cynthia Turner and based on Defendant's communications with a police officer, neither of which provided Defendant with any evidence.

3.   TIC, §541.060(a)(2)(A):   Defendant has violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in that Defendant chose to ignore Plaintiff's version of events and instead choose to believe a known criminal and a police officer who had "suspicions" and Defendant denied Plaintiff's claim based on "poor lighting" without explaining how the lighting was poor.

4.   TIC, § 541.060(a)(3):   Defendant has violated this section by failing promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts, for the insurer's denial of a claim in that Defendant failed to explain to Plaintiff how his lighting was poor and Defendant failed to explain why anything told to Defendant by Cynthia Turner was correct or by Officer Mansfield was correct and why Plaintiff's version of events was not correct.

5.   TIC, § 541.060(a)(4)(A):   Defendant has violated this section by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder in that Defendant had all the information Defendant reasonably needed by December 21, 2014, to accept coverage and everything after that was only an attempt to find reasons to not pay the claim.  In the alternative, Defendant had all the information Defendant reasonably needed by December 21, 2014, the date of the requested EUO.

6.   TIC, § 541.060(a)(7):   Defendant has violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that Defendant did not investigate the lighting situation at Plaintiff's place and Defendant did not investigate Cynthia Turner regarding her veracity and or motives but choose to accept her version of events without question and the same with Officer Mansfield.

7.   TIC, § 542.056(a):   Defendant has violated this section in that Defendant had all the information items, statements, and forms required by Defendant to secure final loss by December 21, 2014, and Defendant did not notify Plaintiff by the 15th business day after that day of Defendant's acceptance or denial of the claim.

8.   TIC, § 542.057(c):   Defendant has violated this section in that Defendant should have notified Plaintiff of acceptance of his claim by January 8, 2015, and paid him not later than the 20th business after such notice.

**8.    BREACH OF CONTRACT**

A.    Plaintiff incorporates herein the "Facts" set out in section 6 above.

B.    It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim.  Plaintiff incorporates herein all the facts as set forth above.  Defendant' conduct in this matter appears to be in Breach of Contract, as follows:

      1.    There is a valid, enforceable contract of insurance between Defendant and Plaintiff.

      2.    Plaintiff is a proper party to sue for breach of the insurance contract.

      3.    Plaintiff has performed under the contract by paying premiums and co-operating with Defendant's investigation.

      4.    Defendant has breached the Insurance contract by failing to pay policy benefits.

      5.    Defendant breach of the insurance contract has caused harm to Plaintiff.

**9.    PROMPT PAYMENT OF CLAIMS ACT**

A.    Plaintiff Incorporates herein the "Facts" set out in section 6 above.

B.    Defendant had all the information needed to pay Plaintiff's claim on or before December 3, 2014. As a result, this claim should have been accepted and paid by December 3, 2014.

C.    Defendant is liable as penalty at an interest of 18% a year on the policy benefits of plus attorneys' fees.

**10.    EXEMPLARY DAMAGES**

A.    Plaintiff incorporates herein the "Facts" set out in section 6 above.

B.    Defendant committed additional violations of TIC, including but not limited to:

      1)    TIC §541.152(a)(1)    The Defendant knowingly committed the acts complained of and incorporates herein all allegations set forth in this petition / complaint.

      2)    TIC §541.152(b):    It appears Defendant's conduct as alleged above was committed knowingly in that Defendant had actual awareness of the falsity, unfairness, or deceptiveness of the acts complained of above.

      3)    TIC §541.152:   Plaintiff seeks a doubling of actual damages for exemplary damages.

11.   DAMAGES.

Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions
of Defendant described herein:

    a)   Actual damages: $51,829.13 broken down as follows:

| | | | |
|---|---|---|---|
| (6) | 24' TAB TRAILERS | $ | 10,494.00 |
| (2) | 20' TAB TRAILERS | $ | 3,350.00 |
| (8) | 13" TIRES | $ | 200.00 |
| (8) | TONGUE JACKS | $ | 240.00 |
| - | FREIGHT CHARGES ON THE ABOVE | $ | 1,184.00 |
| (1) | FLAT BOTTOM "REDNECK" BOAT | $ | 20,000.00 |
| (1) | CUSTOM BUILT 3-AXLE BOAT TRAILER | $ | 3,000.00 |

SERVICE TOOLS AS FOLLOWS:

| | | | |
|---|---|---|---|
| (1) | - CRAFTSMAN TOOLBOX | $ | 389.96 |
| (1) | - CRAFTSMAN 540 PIECE TOOL KIT | $ | 1,299.00 |
| (1) | - CRAFSMAN 90 PIECE TOOL KIT | $ | 713.99 |
| (1) | - CRAFTSMAN 96 PIECE RACHETING TOOL KIT | $ | 602.99 |
| (1) | - CRAFTSMAN 91 PIECE ADVANCED TOOL KIT | $ | 875.99 |

SANP-ON IMPACT SETS:

| | | | |
|---|---|---|---|
| (1) | - 209TFSMYA | $ | 227.00 |
| (1) | - 213TSFSYA | $ | 398.20 |
| (1) | - 212SIMFYA | $ | 259.00 |
| (1) | - 309SIMMYA | $ | 246.00 |
| (1) | - 1061PTMM | $ | 255.00 |
| (1) | SNAP-ON CORDLESS IMPACT 1/4" CT661 | $ | 265.00 |
| (1) | SNAP-ON CORDLESS IMPACT 3/8" CT525 | $ | 265.00 |
| (1) | SNAP-ON TORQUE SCREWDRIVER SET QDRIVERZP | $ | 205.00 |
| (1) | SNAP-ON SCREWDRIVER SET G5HDX80R | $ | 159.00 |
| (1) | JUMP AND CARRY BATTERY JUMP BOX JNC1224 | $ | 400.00 |
| (1) | SIERRA STATS SD102 | $ | 3,200.00 |

    b)   A doubling of actual damages due to the intentional and knowing nature of Defendant's conduct in this matter   ... $103,658.26

    c)   Mental anguish damages   ... $1.00

    d)   Prompt Payment of Claims violation on $51,829.13 at 18% from February 4, 2015, until paid.

    e)   Reasonable and necessary attorney fees resulting from Defendant's conduct.

12.    **DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANT:**

A.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant **Atlantic Specialty Insurance Company** is requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in R.194.2(a) through R.194.2(l).  A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

B.    The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney.  If a Defendant fails to comply with the requirements above, the Court may order sanctions against such Defendant in accordance with the Texas Rules of Civil Procedure.

13.    **USE OF DOCUMENTS:**

Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that she intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

14.    **ATTORNEY'S FEES.**

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:   (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

15.    **PRE-JUDGMENT INTEREST.**

As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

16.    **POST JUDGMENT INTEREST.**

As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

**17.   COSTS OF SUIT.**

A.     In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

B.     Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

**18.   REQUEST FOR JURY TRIAL.**

Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

**19.   PRAYER.**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on December 22 2015.

Respectfully submitted,

BY:     Mark S. Humphreys  - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel.  (972) 263-3722     *     Fax.  (972) 237-1690
Email:  texaslaw94@yahoo.com
**Attorney For Plaintiff**

ORIGIN ID:KIPA      (214) 932-3601
MARA VELASCO
CT - DALLAS SOP TEAM
1999 BRYAN ST STE 900

DALLAS, TX 75201
UNITED STATES US

SHIP DATE: 04JAN16
ACTWGT: 1.00 LB
CAD: 10457/SSSU/WSXI2800

BILL SENDER

TO   MAUREEN PHILLIPS
ONEBEACON INSURANCE - MINNESOTA
605 HIGHWAY 169 N STE 800

-

PLYMOUTH MN 55441
(952) 852-6731          REF: SOP/1403403/528410896/MARA VELASCO
INV:
PO:                              DEPT:



FedEx
Express

E

WED - 06 JAN 4:30P
                ** 2DAY **

TRK#
0201   7820 9458 2213

SH AELA          55441

                 MN-US  MSP



EXHIBIT B

CITATION BY PERSONAL SERVICE

THE STATE OF TEXAS                    CV15-0611-392

To:  ATLANTIIC SPECIALTY
INSURANCE COMPANY
CT CORPORATION SYSTEM
1999 BRYAN STREET #900
DALLAS TX  75201

GREETING:
You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or
before 10 o'clock a.m. of the Monday next after the expiration of twenty days after the date of service hereof, Before the
Honorable 392nd District Court of Henderson County, Texas, at the 392nd District Court  in Athens, Texas. Said
PLAINTIFF'S ORIGINAL PETITION was filed on 12/22/2015. The file number of said suit being CV15-0611-392, the
style of the case is: THE CEDAR CREEK LAKE BOAT SHOP LLC D/B/A THE BOAT SHOP vs. ATLANTIIC
SPECIALTY INSURANCE COMPANY.

The name and address of the attorney for the Plaintiff:

MARK S HUMPHREYS
702 DALWORTH ST
Grand Prairie TX  75050

The nature of the Plaintiff's demand is set out and shown by a true and correct copy of the PLAINTIFF'S ORIGINAL
PETITION accompanying this citation, and made a part hereof.

The Officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof,
and make due return as the law directs.

NOTICE TO DEFENDANT:  You have been sued. You may employ an attorney. If you or your attorney does not file a
written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said Court at Athens, Texas on this the 23rd day of December, 2015   .

ATTEST:
Betty Herriage
Henderson County, Texas

Address of Clerk:
100 E. Tyler Street
Room 202
Athens, Texas 75751

By: _____ , Deputy

**RETURN OF SERVICE**

CV15-0611-392
THE CEDAR CREEK LAKE BOAT SHOP LLC D/B/A THE BOAT SHOP vs. ATLANTIIC SPECIALTY INSURANCE COMPANY

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the \_\_\_\_\_ day of _____, 20\_\_\_\_\_.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
CT CORPORATION SYSTEM
1999 BRYAN STREET #900
DALLAS TX 75201

**OFFICER'S RETURN**

Came to hand on the \_\_\_\_\_ day of _____, 20\_\_\_\_, at _____, o'clock \_\_\_\_.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Petition at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

*And not executed as to the defendant(s),* _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy $_____
Total                   $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
" My name is _____, my date of birth is _____, and my address is _____
         (First, Middle, Last)

_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

EXHIBIT C

 CT Corporation

**Service of Process Transmittal**
01/04/2016
CT Log Number 528410896

TO: Maureen Phillips
OneBeacon Insurance - Minnesota
605 Highway 169 N Ste 800
Plymouth, MN 55441-6533

RE: **Process Served in Texas**

FOR: Atlantic Specialty Insurance Company  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | The Cedar Creek Lake Boat Shop, LLC, etc., Pltf. vs. Atlantic Specialty Insurance Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition |
| **COURT/AGENCY:** | 392nd Judicial District Court Rains County, TX
Case # CV150611392 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/04/2016 postmarked on 12/31/2015 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or before 10 o'clock a.m. of the Monday next after the expiration of twenty days after the date of service hereof |
| **ATTORNEY(S) / SENDER(S):** | Mark S. Humphreys
MARK S. HUMPHREYS, P.C.
702 Dalworth Street
Grand Prairie, TX 75050
972-263-3722 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 782094582213

Email Notification,  Maureen Phillips  mphillips@onebeacon.com |
| **SIGNED:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
1999 Bryan St Ste 900
Dallas, TX 75201-3140
214-932-3601 |

Page 1 of  1 / RK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CEJA LAW OFFICE
702 Dalworth Street
Grand Prairie TX 75050



7015 1520 0002 4112 1301

N TEXAS
DALLAS 750
31 DEC '15
PM 2 L

UNITED STATES POSTAGE
PITNEY BOWES

02 1P           $ 006.95⁵
0001750443   DEC 30 2015
MAILED FROM ZIP CODE 75050

Atlantic Specialty Insurance Company
B/S  C.T. Corporation System
1999 Bryan Street #900
Dallas, Texas 75201-3136

75201314025

EXHIBIT D

## CIVIL DOCKET

| Case Number | Style of Case | Attorneys | Case Type | Date of Filing |
|---|---|---|---|---|
| | | | **CASE NUMBER** CV15-0611-392 | |
| CV15-0611-392 | THE CEDAR CREEK LAKE BOAT SHOP LLC D/B/A THE BOAT SHOP _Plaintiff_ vs ATLANTIC SPECIALTY INSURANCE COMPANY _Defendant_ | MARK S HUMPHREYS _Plaintiff_ _Defendant_ | Contract - Consumer/Commercial/Debt | 12/22/2015 |

| Date of Orders | Orders of Court |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Case Number CV15-0611-392
THE CEDAR CREEK LAKE BOAT SHOP LLC D/B/A THE BOAT SHOP vs. ATLANTIC SPECIALTY INSURANCE COMPANY

| Date of Orders | Orders of Court |
|---|---|
| | |

A CERTIFIED COPY
ATTEST: 22 day of January 20 16
DISTRICT CLERK
HENDERSON COUNTY TEXAS
BY _____, DEPUTY