UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| The Cedar Creek Lake Boat Shop, LLC | § | |
| d/b/a The Boat Shop | § | |
| | § | |
| V. | § | NO. 6:16-CV-00026 |
| | § | |
| Atlantic Specialty Insurance Company | § | |

**PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES **The Cedar Creek Lake Boat Shop, LLC d/b/a The Boat Shop** hereinafter called Plaintiff, complaining of and about **Atlantic Specialty Insurance Company,** hereinafter called Defendant, and for cause of action shows unto the Court the following:

1. **SERVICE**

Defendant **Atlantic Specialty Insurance Company** is an insurance company, doing business in the State of Texas. Said Defendant has been served and as filed an answer.

2. **JURISDICTION**

The subject matter in controversy is within the jurisdictional limits of this court and the parties are diverse.

3. **VENUE**

Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Henderson County is proper in this cause in that it is where insured is located.

4. **AGENCY AND VICARIOUS LIABILITY.**

Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization

or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

5.   **WRITTEN NOTICE GIVEN**.

A.   Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

B.   Notice letter was issued October 5, 2015, and this lawsuit is being filed after the expiration of 60 days.

6.   **FACTS**

A.   On or about October 6-7, 2014, Plaintiff had the above policy of insurance with Defendant and the policy was in full force and effect.

B.   On or about October 6-7, 2014, Plaintiff suffered a loss, which is a type of loss covered by the policy.

C.   On the morning of October 7, 2014, the service manager for Plaintiff noticed the gates were open and a truck and trailers were missing. Plaintiff immediately called the police department who came out and filed a police report.

D.   Upon investigation, it was discovered that numerous items had been stolen.

E.   This claim for benefits was reported to Defendant on October 9, 2014.

F.   Defendant never sent an adjuster to investigate and adjust this claim.

G.   A few days later, Tidmore Investigations came out and interviewed the employees that were present around the time the theft occurred.

H.   A day or so after that, the adjuster interviewed the Plaintiff owner's on the phone.

I.   A couple of weeks later, Tidmore Investigations came out and interviewed all employees again and Plaintiff completely cooperated with Defendant's investigation.

J.  On December 21, 2014, a letter was received from Bowman and Stella, P.C. advising that they needed to take an Examination Under Oath (EUO) of Lowder.

K.  This EUO was scheduled and then was cancelled after Plaintiff appeared with all the requested documents.

L.  On January 28, 2015, a Reservation of Rights letter was received from One Beacon Insurance.

M.  At the second arranged EUO, Plaintiff answered questions for two hours and again co-operated fully with Defendant's investigation.

N.  In June of 2015, Manny Salgado with One Beacon contacted Plaintiff and a settlement was reached as it relates to the loss of the truck.

O.  On August 5, 2015, Plaintiff received a letter denying the claim from Bernice Ford of Atlantic Specialty Insurance Company stating the claim was being denied due to poor lighting and due to the opinion of one, Cynthia Turner, and an opinion from a police officer, neither of which provided any specifics.

P.  Plaintiff had had a policy of insurance with Voyager Insurance for over 10 years and there had never been an issue or a mention of poor lighting.

Q.  There was not a lighting problem on Plaintiff's premises.

R.  The stolen property had been fully enclosed within a fenced area.

S.  There were not any defects in the original property.

T.  There were not any mechanical or electrical breakdowns or failures.

U.  There was no loss due to loss, damage, or expense caused by or resulting from wear, tear, mechanical breakdown, inherent vice, latent defect, gradual deterioration or depreciation, marine borers, moths or vermin.

V. Cynthia Turner did not work for Plaintiff at the time of the loss.

W. Cynthia Turner was an old acquaintance of Plaintiff who worked for Plaintiff about one month between June and July of 2015.

X. Cynthia Turner was fired on July 4, 2015, for using drugs during business hours.

Y. She returned to Plaintiff that evening and stole records and deleted accounting programs.

Z. Cynthia Turner tried to blackmail Plaintiff for $10,000 for him to get his records back or she was going to ruin Plaintiff's life.

AA. Plaintiff contacted the Henderson County Sheriffs' office who came out and arrested her on an outstanding Felony Stalking warrant.

BB. Cynthia Turner had taken over all Plaintiffs' email accounts, websites, and changed passwords on computers in the office.

CC. Cynthia Turner purchased a cell phone and a tablet on Plaintiff's account.

DD. Cynthia Turner texted messaged Plaintiff with death threats, blackmail, and extortion.

EE. No one with Defendant ever questioned Plaintiff about anything regarding Cynthia Turner; rather they just took her word on whatever she said.

FF. The police officer either did not offer any evidence for his suspicion or else Defendant are keeping that information to Defendant.

GG. Plaintiff's claim for benefits should have been paid on December 8, 2014, five (5) business days after Defendant took Plaintiff's EUO.

7. **VIOLATIONS OF THE TEXAS INSURANCE CODE**

A. Plaintiff incorporates herein the "Facts" set out in section 6 above.

B. It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim. Plaintiff incorporates herein all the facts as set forth above. Defendant's conduct in this matter

appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

1.  TIC, §541.060(a)(1): Defendant has violated this section by misrepresenting material facts relating to coverage; specifically that Plaintiff did not have proper lighting around the property when in fact Plaintiff did.

2.  TIC, §541.060(a)(1): Defendant has violated this section by misrepresenting material facts relating to coverage, specifically that Plaintiff was involved in the loss based on Defendant's communications with Cynthia Turner and based on Defendant's communications with a police officer, neither of which provided Defendant with any evidence.

3.  TIC, §541.060(a)(2)(A): Defendant has violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in that Defendant chose to ignore Plaintiff's version of events and instead choose to believe a known criminal and a police officer who had "suspicions" and Defendant denied Plaintiff's claim based on "poor lighting" without explaining how the lighting was poor.

4.  TIC, § 541.060(a)(3): Defendant has violated this section by failing promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts, for the insurer's denial of a claim in that Defendant failed to explain to Plaintiff how his lighting was poor and Defendant failed to explain why anything told to Defendant by Cynthia Turner was correct or by Officer Mansfield was correct and why Plaintiff's version of events was not correct.

5.  TIC, § 541.060(a)(4)(A): Defendant has violated this section by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder in that Defendant had all the information Defendant reasonably needed by December 21, 2014, to accept coverage and everything after that was only an attempt to find reasons to not pay the claim. In the alternative, Defendant had all the information Defendant reasonably needed by December 21, 2014, the date of the requested EUO.

6.  TIC, § 541.060(a)(7): Defendant has violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that Defendant did not investigate the lighting situation at Plaintiff's place and Defendant did not investigate Cynthia Turner regarding her veracity and or motives but choose to accept her version of events without question and the same with Officer Mansfield.

7.  TIC, § 542.056(a): Defendant has violated this section in that Defendant had all the information items, statements, and forms required by Defendant to secure final loss by December 21, 2014, and Defendant did not notify Plaintiff by the 15th business day after that day of Defendant's acceptance or denial of the claim.

  8. <u>TIC, § 542.057(c)</u>: Defendant has violated this section in that Defendant should have notified Plaintiff of acceptance of his claim by January 8, 2015, and paid him not later than the 20th business after such notice.

**8. <u>BREACH OF CONTRACT</u>**

A. Plaintiff incorporates herein the "Facts" set out in section 6 above.

B. It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim. Plaintiff incorporates herein all the facts as set forth above. Defendant' conduct in this matter appears to be in Breach of Contract, as follows:

  1. There is a valid, enforceable contract of insurance between Defendant and Plaintiff.

  2. Plaintiff is a proper party to sue for breach of the insurance contract.

  3. Plaintiff has performed under the contract by paying premiums and co-operating with Defendant's investigation.

  4. Defendant has breached the insurance contract by failing to pay policy benefits.

  5. Defendant breach of the insurance contract has caused harm to Plaintiff.

**9. <u>PROMPT PAYMENT OF CLAIMS ACT</u>**

A. Plaintiff incorporates herein the "Facts" set out in section 6 above.

B. Defendant had all the information needed to pay Plaintiff's claim on or before December 3, 2014. As a result, this claim should have been accepted and paid by December 3, 2014.

C. Defendant is liable as penalty at an interest of 18% a year on the policy benefits of plus attorneys' fees.

**10. <u>EXEMPLARY DAMAGES</u>**

A. Plaintiff incorporates herein the "Facts" set out in section 6 above.

B. Defendant committed additional violations of TIC, including but not limited to:

1) <u>TIC §541.152(a)(1)</u>   The Defendant knowingly committed the acts complained of and incorporates herein all allegations set forth in this petition / complaint.

2) <u>TIC §541.152(b)</u>**:**   It appears Defendant's conduct as alleged above was committed knowingly in that Defendant had actual awareness of the falsity, unfairness, or deceptiveness of the acts complained of above.

3) <u>TIC §541.152:</u>   Plaintiff seeks a doubling of actual damages for exemplary damages.

**11.   DAMAGES.**

Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

a) **Actual damages: $51,829.13 broken down as follows:**

| | | | |
|---|---|---|---:|
| (6) | 24' TAB TRAILERS | $ | 10,494.00 |
| (2) | 20' TAB TRAILERS | $ | 3,350.00 |
| (8) | 13" TIRES | $ | 200.00 |
| (8) | TONGUE JACKS | $ | 240.00 |
| - | FREIGHT CHARGES ON THE ABOVE | $ | 1,184.00 |
| (1) | FLAT BOTTOM "REDNECK" BOAT | $ | 20,000.00 |
| (1) | CUSTOM BUILT 3-AXLE BOAT TRAILER | $ | 3,000.00 |
| | SERVICE TOOLS AS FOLLOWS: | | |
| (1) | - CRAFTSMAN TOOLBOX | $ | 389.96 |
| (1) | - CRAFTSMAN 540 PIECE TOOL KIT | $ | 1,299.00 |
| (1) | - CRAFSMAN 90 PIECE TOOL KIT | $ | 713.99 |
| (1) | - CRAFTSMAN 96 PIECE RACHETING TOOL KIT | $ | 602.99 |
| (1) | - CRAFTSMAN 91 PIECE ADVANCED TOOL KIT | $ | 875.99 |
| | SANP-ON IMPACT SETS: | | |
| (1) | - 209TFSMYA | $ | 227.00 |
| (1) | - 213TSFSYA | $ | 398.20 |
| (1) | - 212SIMFYA | $ | 259.00 |
| (1) | - 309SIMMYA | $ | 246.00 |
| (1) | - 1061PTMM | $ | 255.00 |
| (1) | SNAP-ON CORDLESS IMPACT 1/4" CT661 | $ | 265.00 |
| (1) | SNAP-ON CORDLESS IMPACT 3/8" CT525 | $ | 265.00 |
| (1) | SNAP-ON TORQUE SCREWDRIVER SET QDRIVERZP | $ | 205.00 |
| (1) | SNAP-ON SCREWDRIVER SET G5HDX80R | $ | 159.00 |

    (1)    JUMP AND CARRY BATTERY JUMP BOX    $    400.00
            JNC1224
    (1)    SIERRA STATS SD102    $    3,200.00

    b)    A doubling of actual damages due to the intentional and knowing nature of Defendant's conduct in this matter … $103,658.26

    c)    Mental anguish damages … $1.00

    d)    Prompt Payment of Claims violation on $51,829.13 at 18% from February 4, 2015, until paid.

    e)    Reasonable and necessary attorney fees resulting from Defendant's conduct.

## 12. ATTORNEY'S FEES.

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## 13. PRE-JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

## 14. POST JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial

of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

**15. COSTS OF SUIT.**

A. In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

B. Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

**16. REQUEST FOR JURY TRIAL.**

Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

**17. PRAYER.**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on February 1, 2016.

Respectfully submitted,

/s/ Mark S. Humphreys
BY:   Mark S. Humphreys   - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel.  (972) 263-3722  *     Fax.  (972) 237-1690
Email: texaslaw94@yahoo.com
**Attorney For Plaintiff**

**CERTIFICATE OF SERVICE:**   By my signature above, I hereby certify the all known counsels have been provided with a copy of this amended petition via Efile (ECF) service.